IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **FELICE C. RASKIND** | \* |
| | \* |
| v. | \*   **CIVIL ACTION NO. JKS-04-2362** |
| | \* |
| **YING LIN, et al.** | \* |
| | \* |
| | \*\*\* |

## MEMORANDUM

On July 22, 2004, Plaintiff filed the instant vehicular tort and contract action pursuant to this Court's 28 U.S.C. § 1332 diversity jurisdiction. Plaintiff was involved in a "chain-reaction" accident in Montgomery County, Maryland on the afternoon of August 22, 2001. According to the Complaint, Defendant Lin's vehicle struck Defendant Lohr's vehicle, which in turn slammed into the rear of Plaintiff's vehicle which was stopped at a red light on a major Montgomery County highway. Plaintiff sought judgment in the amount of $500,000.00, plus all incidental and consequential damages, attorneys' fees and costs, against Defendants Lin and Lohr for negligence.

Plaintiff also sought judgment in the amount of $500,000.00, plus all incidental and consequential damages, attorney's fees and costs, against her insurer State Farm Mutual Automobile Insurance Company (State Farm). She alleged that as defendants Lin and Lohr did not have insurance adequate to cover her injuries, State Farm had a contractual obligation to indemnify her for damages sustained as a result of the accident.[1]

---

[1] Underinsured motorist coverage applies when an insured is involved in an accident with a motorist, who may carry extensive liability insurance . . . , but whose liability coverage is less than the insured's underinsured motorist coverage. *Hoffman v. United Services Auto. Ass'n*, 309 Md. 167, 174, 522 A.2d 1320 (1987). Thus, the mandatory uninsured provisions of an automobile liability policy permit an insured to recover from his or her own insurance carrier when injured by a tortfeasor whose liability insurance is less than the amount of uninsured/underinsured coverage which the injured party has purchased.

During the course of motions practice, Defendants Lohr and State Farm filed cross claims against Defendant Lin.  An April 27, 2005, settlement conference was unsuccessful and the case was set for trial.  On June 14, 2005, Plaintiff and Defendant Lohr filed a joint motion to dismiss as to Defendant Lohr only, which was granted by Judge Peter J. Messitte that same date. Papers No. 41 & 42. The matter was referred to the undersigned on July 13, 2005, for all further proceedings.  Paper No. 46.

Subsequent to a three-day jury trial, on December 8, 2005, the jury returned a verdict in favor of Plaintiff, awarding $5,100.00 for past medical expenses and $3,000.00 in non-economic damages.  On December 16, 2005, judgment was entered in favor of Plaintiff and against Defendant Lin in the amount of $8,100.00.  Paper No. 64.

Plaintiff and Defendant State Farm simultaneously filed Bills of Costs on December 16, 2005, Papers No. 65 & 66, and Defendant Lin filed his objection to Plaintiff's Bill of Costs. Paper No. 68.  On December 21, 2005, Defendant State Farm moved to Alter or Amend Judgment.  This Motion argues that Plaintiff could only prevail against State Farm if the judgment exceeded $25,000.00, and that since it was less than $25,000.00, State Farm prevailed in its defense and is entitled to judgment.  Paper No. 67.

In her opposition, Plaintiff asserts that as judgment was entered against Defendant Lin, State Farm was not a prevailing party.  Paper No. 69.  Plaintiff maintains that State Farm was named in this case in a "common practice to promote judicial economy," and that had she obtained judgment in excess of Defendant Lin's insurance coverage without having joined State Farm as a defendant, she would have had to bring a separate suit against State Farm and State Farm would have been bound by the judgment against Defendant Lin.  *Id*.  Plaintiff further states that she is the prevailing party because she received a money award and argues that the status of

the parties does not change simply because the amount of the award was not enough to trigger State Farm's liability as an insurer.[2]  *Id*.  Finally, Plaintiff argues that the costs sought by State Farm are excessive, that the award of costs would be inequitable, and that State Farm should be required to bear its own costs.

<u>Plaintiff's Bill of Costs</u>

Plaintiff seeks the taxation of $7,456.91 in costs against Defendant Lin.  The costs apparently relate to fees of the Clerk, fees for service of summons and subpoena, court reporter costs, and witness fees.  Paper No. 65.

As Plaintiff is the prevailing party against Defendant Lin, she is clearly entitled to recover the $150.00 civil filing fee.  She also seeks $350.00 in costs related to "fees for service of summons and subpoenas."  While no memorandum or invoice explaining these fees is provided, Plaintiff does submit a transaction summary showing two checks for $200.00 in process fees. Defendant Lin does not deny that this is properly sought.  Therefore, $200.00 will be awarded.

Plaintiff seeks $427.25 in court reporter costs, but the only deposition invoice furnished shows a $385.00 court reporter cost for "video services," which references Dr. Lakshmi Sastry.  Therefore, $385.00 in court reporter costs will be awarded.

Finally, Plaintiff seeks $6,529.46 related to witness fees, $6,475.00 of which is related to expert witness fees.  Expert witness fees ordinarily are not taxable.  *See generally Crawford Fitting Co. v. J. T. Gibbons, Inc*., 482 U.S. 437, 441 (1987) (fees paid to expert witnesses for their professional services not allowable as costs).  The Court will, however, award the standard

---

[2] Plaintiff claims that, for all intent and purposes, State Farm argued the case for Defendant Lin.  Paper No. 69.

$40.00 per witness and mileage, for a total of $254.46 in witness fees for deposition and trial appearances under 28 U.S.C. §§ 1821(b) & (c)(2):

> Lakshmi Sastry (Admission of videotape deposition at trial)....$40.00
> Dr. Mark D. Klaiman (Trial Appearance Fee & Mileage).......... 53.12
> Dr. Arnold Binderman (Trial Appearance Fee & Mileage).........52.59
> Stacy Alouche (Trial Appearance Fee & Mileage)......................55.79
> Jacob Boyce (Trial Appearance Fee & Mileage).........................52.96

Total costs in the amount of $989.46 are awarded in favor of Plaintiff against Defendant Lin.

### Defendant State Farm's Motion to Alter or Amend Judgment

State Farm's Motion to Alter or Amend Judgment will be granted. The premise of Plaintiff's claim against State Farm was that her damages exceeded the $25,000.00 GEICO coverage of tortfeasor Lin and that State Farm was contractually responsible for her damages above that amount. As the jury award was $8,100.00, Plaintiff failed to prove her case against State Farm. State Farm thus prevailed, and the Court will amend the judgment to dismiss the complaint against State Farm with prejudice.

### Defendant State Farm's Bill of Costs

With the dismissal of the complaint against State Farm, State Farm is a prevailing party under Fed. R. Civ. P. 54(d). *See National Satellite Sports, Inc. v. Comcast Satellite Communications, Inc.*, 2000 WL 1717304, *2 (D. Md. Nov.15, 2000) (defendant is prevailing party entitled to costs where its defense of action results in dismissal of case with prejudice). State Farm seeks the award of $1,352.60 in service and court reporter costs. Paper No. 66. The service fees will be denied in their entirety. Fees for retrieval of papers and "rush fees" are not allowed, and, in the absence of a Memorandum or Declaration explaining the $75.00 "service of process" fees listed on the invoice, the underlying rationale for these charges is unsupported.

      State Farm is entitled to the taxation of court reporter costs related to Plaintiff's deposition in the amount of $141.75.  Dr. Jeffrey Abend, a defense expert, did not testify at trial and it is not clear that his deposition was necessary to State Farm's case.  Therefore, this item will be disallowed.  Finally, State Farm is entitled to the award of court reporter fees for the original of Dr. Sastry's deposition, at a reduced rate of $213.50 (61 pages at $3.50 per page).[3]  Costs shall be awarded in favor of Defendant State Farm and against Plaintiff in the amount of $355.25.

      A separate Order shall be entered reflecting the Opinion set out herein.


Date:  March 10, 2006                                       /S/                                    
                                                                                JILLYN K. SCHULZE  
                                                                                United States Magistrate Judge

---

[3] Delivery and handling fees related to the depositions of Plaintiff and Dr. Sastry are considered office overhead and are not recoverable under 28 U.S.C. § 1920.